## Donaghy's Estate.   Donaghy's Appeal.

*Partition—Mistake—Modification—Payment—Estoppel.*

Where a widow entitled to a life estate in her husband's lands joins in partition proceedings which result in a decree fixing her interest at one third for life and no appeal is taken from the decree, she is estopped from denying the validity of a payment of owelty made under the decree by one of the heirs to another; and after such payment the court will not charge the heir with interest on the whole valuation of the purpart allotted.

Argued Oct. 17, 1892.   Appeal, No. 68, Oct. T., 1892, by Nancy Donaghy, widow of Jos. Donaghy, from decree of O. C. Butler Co., Sept. T., 1882, No. 84.   Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Petition to vacate recognizance entered in partition proceedings, and to order entry of new recognizance in its place.

From the record it appeared that Joseph Donaghy died in 1863, leaving to survive him a widow, Nancy Donaghy, the petitioner, and six children.   One of the children, James H. Donaghy, bought the shares of four of the other children. Martha M. Gill owned the sixth share, which she refused to sell to her brother.   Under the will of decedent, the widow had a life interest in the estate.

On November 21, 1882, James H. Donaghy presented his petition in the orphans' court for partition.   The widow joined in the partition proceedings, which resulted in a decree fixing her interest in the estate at one third for life.   One purpart was awarded to Martha M. Gill, charged with owelty to the amount of $1,897.60, which was subsequently paid by Mrs. Gill to James H. Donaghy.   On April 9, 1884, Mrs. Gill and her husband, in obedience to the decree of the court, entered into a recognizance in the office of the clerk of the orphans' court to pay to Nancy Donaghy for life the interest on one third of the purpart awarded to Mrs. Gill.

The petitioner prayed that the recognizance should be vacated, and that Mrs. Gill and her husband be ordered to enter into another, conditioned for the payment of the whole interest on the valuation of the purpart awarded to Mrs. Gill.

The court decreed as follows, in an opinion by HAZEN, P. J.:

" And now, Jan. 11, 1892, upon due consideration, it is ordered that the decree of this court, under date of April 9, 1884, awarding to Martha M. Gill purpart No. 1 of the lands of Joseph Donaghy, deceased, partitioned, be modified so as to provide payment of interest to Nancy Donaghy, the devisee and life tenant under the will of said decedent, lawful interest annually on the whole amount or sum at which said purpart was so awarded, [less annual interest on whatever of the principal has been paid by respondent to James H. Donaghy in his own right and in the right of the residuary legatees, of whom he is the vendee, or otherwise is paid.] [1]   Recognizance with surety to be entered accordingly."

*Error assigned* was portion of decree in brackets.

*John M. Thompson,* of *John M. Thompson & Son, Greer & Ralston* with him, for appellant, cited act of April 11, 1835, § 1, P. L. 199.

*James M. Galbreath,* with him *J. B. McJunkin* and *Clarence Walker,* for appellees, cited Hassler's Ap., 5 Watts, 178; Johnson's Ap., 9 Pa. 424; George's Ap., 12 Pa. 262.

PER CURIAM, November 11, 1892:

The purpose of partition being the severance of joint possession, the institution of proceedings by Mrs. Donaghy for the partition of her deceased husband's lands necessarily implied the concession of a joint right of possession with her in those who were made parties.   The court could have had jurisdiction on no other hypothesis.   Its decree fixing her interest at one third, for life, was a judicial ascertainment of the extent of this concession and of her interest in the subject of partition; and, having taken no appeal therefrom, she is estopped from denying the validity of the payment of owelty made by her daughter Mrs. Gill in the meantime.   In the circumstances, Mrs. Gill was justified in making the payment.   Admit that the institution of proceedings for partition and the decree thereon were mistakes, still they were Mrs. Donaghy's mistakes.   The payment of owelty was made in good faith, because of her action and in obedience to the decree of the court made in due course.   Mrs. Gill has no means of regaining the situation from which she was led by the action of her mother.   It is not proposed to set aside the partition on the ground of mistake,

but to charge her with interest on the whole valuation of the purpart allotted to her as though the court had jurisdiction to entertain partition, and thus increase the burden much beyond that which she had expected to bear when she accepted the allotment.  She has no means of compelling restoration of the owelty paid.  Thus if the amendment be allowed, she must suffer a serious loss without any fault of hers.  It is therefore clear that appellant has no equity so far as Mrs. Gill is concerned.

Decree affirmed and appeal dismissed with costs to be paid by appellant.