## Newbold's Estate.

*Wills—Power of appointment — Res adjudicata — Deed — Trust and trustee.*

Where a husband and wife by deed convey real estate to a trustee, to pay the income therefrom to the settlor and his wife for life, and upon their deaths to sell the real estate and distribute the proceeds among his children in equal shares, the portions of the daughters to be held in trust for life with power of appointment in them by will, and a daughter who survived her parents, and then died, appointed by will her share to a son, with power of appointment, and, if he failed to appoint, to a trustee for a daughter, and the trustee under the deed of settlement files an account in the Common Pleas, after the son's death, and that court awards the fund to the trustee under the daughter's will, such decree unappealed from, is conclusive against the settlor's heirs at law who subsequently, at the audit in the Orphans' Court of the account of the trustee under the daughter's will, claim the fund on the ground of the invalidity of the appointment by the settlor's daughter.

All persons are privies to a judgment whose succession to the rights of property adjudicated or affected were derived through or under some one of the parties to the action. To render a decree conclusive it is not necessary to be against one by name; it is enough that it is against his interest. The rule of res adjudicata extends to every question in the proceedings that was legally cognizable.

Argued Oct. 12, 1916. Appeal, No. 98, Oct. T., 1916, by Rebecca E. Brown, from decree of O. C. Philadelphia Co., Oct. T., 1891, No. 165, dismissing exceptions to adjudication in Estate of Rebecca S. Newbold, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and WILLIAMS, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing exceptions to adjudication.

*Reynolds D. Brown,* with him *Malcolm Lloyd, Jr.,* for appellant.—It is respectfully submitted that the proper practice upon the filing of the account by the then trustee under the deed of trust in 1890, would have been the entry of an order that the then trustee should hold the fund under the trusts created by Mrs. Newbold's will; how far such trusts were valid could not possibly come before the court for determination at that time—much less could that court have determined what disposition should be made of the fund if it should subsequently prove that some of the trusts created by Mrs. Newbold's will were invalid because too remote. Now, if such order had been made, and the fund had been awarded to the Fidelity Trust Company, the then trustee under the deed of trust, and if the Fidelity Trust Company as such trustee were now filing this account upon the death of Albert W. Newbold, can there be any question that if the appointments made by Mrs. Newbold to take effect upon Albert's death are too remote, the fund would be distributed according to law without reference to the fact that in 1890 such proceedings had been taken?

It is submitted that in substance this is exactly what was done by the auditor in 1890, except that apparently with no objection on any one's part, the Land Title and Trust Company, which was executor and trustee under Mrs. Newbold's will or her own estate, was directed to hold upon the same trust, what we may call her share of the original trust fund. It is respectfully submitted that this was the entire effect of the award of this balance by the auditor "to The Land Title and Trust Company, executors and trustees under the last will and testament of Rebecca S. Newbold, deceased."

*Alex. Simpson, Jr.,* with him *John H. Hutchinson,* for appellee.—The question at issue is res adjudicata by reason of the prior absolute award of the Court of Common Pleas: Gratz v. Lancaster Bank, 17 S. & R. 278; Yerkes App., 8 W. & S. 224; Finney's App., 3 Pa. 312;

Otterson v. Middleton, 102 Pa. 78; McCown's Est., 221 Pa. 324; Lafferty's Est., 230 Pa. 496; Browarsky's Est., 252 Pa. 35.

*Thomas S. Williams,* with him *Joseph T. Bunting,* for appellee, Land Title & Trust Co.—The question sought to be raised by the appellant is res adjudicata: Lafferty's Est., 59 Pa. Superior Ct. 24; Borland's App., 234 Pa. 280.

OPINION BY WILLIAMS, J., December 18, 1916:

Charles H. White and Sarah S., his wife, by deed of trust, executed October 7, 1852, conveyed certain real estate to Edward Carpenter in trust, inter alia, to pay the income to the settlor, and upon his death and that of his wife, to sell the said real estate and pay and distribute the net proceeds of such sale to and among his children in equal shares, the shares of his daughters to be, however, held in trust and the income derived therefrom paid to them for life, with power to appoint their respective shares of principal by last will and testament; and for want of such appointment, to hold same in trust for the right heirs of such daughters so dying, agreeably to the intestate laws.

Charles H. White died in September, 1876, leaving him surviving a widow, who died January 27, 1887, and one daughter, Rebecca S. Newbold, who died March 28, 1890. By her last will she appointed her share of the trust fund, created by her father's deed of trust, to her son, Albert W. Newbold, for life, with power of appointment and if he died without issue and without exercising the power, her daughter, Alice N. Hutchinson, should take for life, with further limitations, and appointed The Land Title & Trust Co. executor and trustee.

The Fidelity Trust Co., substituted trustee under the deed of Charles H. White, filed its final account in the Court of Common Pleas No. 2, of Philadelphia County, which account was duly audited and the balance of the

NEWBOLD'S ESTATE.

fund awarded to The Land Title & Trust Co., executor and trustee of the will of Rebecca S. Newbold. No appeal was taken therefrom.

Albert W. Newbold died Nov. 14, 1914, intestate and without issue. The Land Title & Trust Co. filed its first account as trustee under the will of Rebecca S. Newbold, deceased, of the "Charles H. White trust estate," and it is from the award of that fund to accountants in trust for Alice N. Hutchinson that we have this appeal.

Rebecca E. Brown, the appellant, is the daughter of Sallie C. Koop, deceased, who was a daughter of Charles H. White, the settlor in the deed of trust referred to herein, and claims as one of the right heirs of the settlor.

We are of opinion that the answer to a single question will determine this appeal. Was the decree of the Court of Common Pleas No. 2, Philadelphia County, approving the report of its auditor, directing the fund, derived from the sale of real estate conveyed by the deed of Charles H. White, to be paid to the executor and trustee of Rebecca S. Newbold, deceased, for the uses and purposes of her will, conclusive of the fact that she had made a valid disposition of the fund created by her father's deed and over which she had a power of appointment?

The auditor was passing upon a final account of the trust estate of Charles H. White; due legal notice had been given and counsel representing various parties in interest were present. The decree of the court confirming the award by the auditor of the fund in question could not have been made unless it determined that the appointment made by the will of Rebecca S. Newbold was valid, for the fund was awarded to the executor and trustee of her will "for the purposes and uses set forth in the same." As before stated, no appeal was taken from this decree. The notice given by the auditor was sufficient: Borland's App., 234 Pa. 280. The heirs of Charles H. White were in direct privity with the trustees of the fund; it is through them only they can claim,

as they were the representatives of the creator of the fund.    All persons are privies to a judgment whose succession to the rights of property adjudicated or affected were derived through or under some one of the parties to the action: 23 Cyc. 1253.    To render a decree conclusive it is not necessary to be against one by name; it is enough that it is against his interest: Taylor v. Cornelius, 60 Pa. 187.    The rule of res adjudicata extends to every question in the proceedings that was legally cognizable: Nernst Lamp Co. v. Hill, 243 Pa. 448.    Matters which follow by necessary and inevitable inferences from the judgment, findings or determinations of the court in relation to the subject-matter of the suit which are necessarily implied from its final decision as being final determinations which it must have made in order to justify the judgment as rendered, are equally covered by the estoppel as if they were specifically found in so many words: 23 Cyc. 1306;  Bell v. Allegheny County, 184 Pa. 296;  Donaghy's Est., 152 Pa. 92;  Dorris v. Erwin, 101 Pa. 239.

If the fund is not a part of the estate of Rebecca S. Newbold, that question should have been raised upon the audit of the "Trust Estate of Charles H. White" in 1890.    If it is a part of her estate then appellant has no standing for she is not claiming through the testatrix but against her and her appointee: High's Est., 136 Pa. 222.    The decree of the Common Pleas No. 2, made in 1890, not appealed from, passed the fund from the trust estate of Charles H. White to the estate of Rebecca S. Newbold and is conclusive of the fact that there was a valid exercise of the power conferred upon her: McCown's Est., 221 Pa. 324.    This being so, the other questions become immaterial and there is no error in the record.

The decree is affirmed.