## Neafie's Estate

Before Stearne, Sinkler, Klein, Bolger, and Ladner, JJ., and Bok, P. J., Court of Common Pleas No. 6.

*Theodore Voorhees* and *Barnes, Biddle & Myers*, for exceptant.

*Ballard, Spahr, Andrews & Ingersoll*, for Land Title Bank & Trust Co., trustee.

*John F. E. Hippel*, guardian ad litem and trustee ad litem, p. p.

*Robert Brigham*, for Land Title Bank & Trust Co., trustee under mortgage.

SINKLER, J., September 10, 1937.—Both exceptions relate to the award by the auditing judge of the balance

shown by the account pro rata between principal and income of the trust estate created by the will of testator. The balance for distribution was derived from rentals of the mortgaged premises, Fifty-second and Walnut Streets, entered upon by the corporate trustee under the authority conferred upon the trustee by section 5, art. IV, of the mortgage or deed of trust secured upon the premises in question. The auditing judge cannot reconcile the decision of Finletter, P. J., in In re 52d and Walnut Streets, 27 D. & C. 587, with the decision of this court in Robb's Estate, 26 D. & C. 376, and considers that the court in banc and not he should reconsider Robb's Estate and modify the decision therein rendered, if it should be so determined.

Upon consideration of the two cases cited we are of the opinion that the decision in Robb's Estate is correct. We had there to consider the meaning of the phrase "apply the moneys arising as aforesaid as herein before provided", contained in article V, which is headed "Remedies of Trustees and Bondholders". Section 5 of this article provides that the trustee may enter upon the mortgaged premises, collect the rentals and, after deducting the expenses of operating the building and other items therein specified, apply the money in the manner above quoted. The first three sections of article V provide for the steps to be taken to effect a foreclosure sale of the mortgaged premises. Section 4 provides that the proceeds of the foreclosure sale, if insufficient to pay the interest and principal of the outstanding bonds in full, shall be applied pro rata without preference as to interest over principal or principal over interest. We held that the words quoted can only be construed to mean as provided in the section immediately foregoing.

In the mortgage or deed of trust now before us article IV has the caption "Remedies of Trustee and Bondholders." Section 4 thereof contains provisions for application of the proceeds of sale under foreclosure of mortgaged premises to the payment of interest and principal of the unpaid bonds in full, if the money received be suf-

ficient, "or if not, then pro rata without preference as to interest over principal or principal over interest." Section 5 of the same article creates an additional remedy in the event of default, to wit, the right to enter upon the mortgaged premises to collect the rents, issues, and profits, and after making specified deductions to "apply the moneys arising as aforesaid as herein before provided". The decision of Finletter, P. J., in In re 52d and Walnut Streets, supra, interprets these words as referring "to all provisions preceding the clause in question and may as consistently refer to the first provision for regular payment of interest as to the second contained in Clause IV". The covenants for the payment of interest preceding the clause in question are found in article II, having the caption "Particular Covenants of the Mortgagor."

The construction placed by Finletter, P. J., upon the words in question is, in our opinion, not correct. The words should not be construed as referring to a section in the article preceding that antecedent to the one containing the section which includes the words to be construed, but rather to the section of the same article immediately preceding the section in which the words occur.

The argument in behalf of exceptant is based in part upon the contention that the decision of Finletter, J., is the correct one, and this contention is not sustained for the reason just recited. An additional ground is that the decision of Finletter, J., is conclusive because not appealed from and, therefore, binding upon this court. His decision refers to the identical mortgage now before us. The guardian ad litem and trustee ad litem argues in behalf of his wards and cestui que trust that the decision in question is not conclusive as to the remaindermen. These remaindermen, he continues, were minors and not represented or notified of the audit before Finletter, P. J. The guardian ad litem and trustee ad litem further contends that, at most, the decision is a direction to the trustee under the trust indenture, but does not affect awards to be made by the auditing judge respecting the balance

shown by an account stated by the testamentary trustee. Further, we say this court is not bound to follow a decision of a court of common pleas of this county as having like authority to a decision of an appellate court of this State.

In behalf of exceptant it is also argued that this court in Robb's Estate, supra, having held that the provisions of the mortgage transformed income into principal, was compelled to disregard these provisions insofar as they violated testator's intentions on the one hand and the statute prohibiting accumulations on the other, citing Nirdlinger's Estate, 290 Pa. 457, and Maris' Estate, 301 Pa. 20. In reply to this it is argued by the guardian ad litem and trustee ad litem that in Robb's Estate we did not determine that the provision of the trust indenture transformed income into principal. We held that funds arising from operation were partly principal and partly income, as provided in the trust indenture. It is further argued that the cases cited therefore have no application. The argument presented by the guardian ad litem and trustee ad litem prevails.

The exceptions are dismissed and the adjudication is confirmed absolutely.

LADNER, J., dissenting.—I regret that I am unable to agree with the disposition which my colleagues made of this case. I would sustain the exceptions because I believe both the "rule of comity" and rule of res adjudicata require us to do so.

There is no question that as a court of equal or concurrent jurisdiction we are ordinarily not bound by any precedents of the courts of common pleas of this or any other county, and need only follow them insofar as their reasoning may appeal to us as sound, and not at all where any decision of theirs is contrary to one of our own. It seems to me, however, that this is a case in which the important rule of comity should be applied. The purpose of this rule is to prevent the administration of justice being brought into disrepute by unseemly conflicts between

courts of coördinate or concurrent jurisdiction. This rule requires the acceptance of the judgment of that court which first takes jurisdiction of the same subject matter.

In this case the question before the Court of Common Pleas No. 4 in In re 52d and Walnut Streets, 27 D. & C. 587, was whether certain moneys collected by a trustee for bondholders in possession of mortgaged premises were distributable as income (i. e., as a payment on account of interest) or as principal. The question thus involved the interpretation of the trust deed by which the premises were mortgaged. President Judge Finletter of that court decided that rent moneys so received by the trustee in possession of the mortgaged premises were income and applicable to interest only.

In Robb's Estate, 26 D. & C. 376, this court held that rent collected by a trustee for a bond issue who took possession of mortgaged premises, while ordinarily distributable as income, was by reason of the express language of the deed of trust distributable pro rata between interest and principal. The relevant clauses of the deed of trust, there interpreted, while not of the same deed nor with respect to the same mortgaged property, were of a deed drafted in identical language to that used in the deed of trust now before this court.

In the case before us, the Court of Common Pleas No. 4 first took jurisdiction; the instrument interpreted by that court is the same instrument now before us; it is secured on the same property and involves the distribution of part of the same fund distributed by Judge Finletter, and the parties or their privies are the same. We should therefore accept the interpretation laid down by Judge Finletter as the law of the case, even though we might have interpreted the instrument differently had the matter been before us in the first instance. For us to hold otherwise seems to me to cause that unseemly conflict which the rule of comity is designed to avoid and with it the ridiculous aspect of rents being regarded as income in one court, and not in another. It should not be that

money distributed to a fiduciary as income in one court, by some species of legal legerdemain, becomes principal in another.

There is another reason equally cogent which impels me to dissent, and that is the doctrine of res adjudicata. The judgment of the Common Pleas Court No. 4, involving as it does the question of proper distribution of money under its control, is a judgment in rem. The doctrine of res adjudicata applies with full force to judgments in rem: Hamner v. Griffith's Admr., 1 Grant 192 (1854); and such judgments are conclusive against the whole world: Whitaker's Estate, 10 W. N. C. 106.

Aside from being a judgment in rem, the subject matter of litigation concerning which it was rendered is the same, and the parties here were parties or were represented by their privies there. In this connection the language of the late Mr. Justice Simpson in O'Connor et al. v. O'Connor et al., 291 Pa. 175, quoting largely from the opinion of Chief Justice Kephart in Hochman v. Mortgage Finance Corp. et al., 289 Pa. 260, in answer to the contention there made that the cestuis que trustent were not represented in the proceedings claimed to be res adjudicata, is pertinent:

"It follows that there was privity of estate between the trustees and the collateral heirs, and, insofar as the trustees are estopped by the findings and decree in the prior proceeding, the collateral heirs are also, for such findings and decrees are res adjudicata as against privies as well as parties: Loyal Orange Institution v. Morrison, 269 Pa. 564; Hochman v. Mortgage Finance Corporation, 289 Pa. 260. This binding effect of the prior adjudication is not 'defeated by minor differences of form, parties or allegations, [nor] by a shuffling of plaintiffs on the record, or [nor] by a change in the character of the relief sought, . . . [and concludes] not only the issues actually adjudicated in the first proceeding, but also those [relevant ones] which might have been raised and

passed upon': Hochman v. Mortgage Finance Corporation, supra, pages 263-4.

"That plaintiffs herein are privies in estate to the trustees, is not an open question. As said by Judge Hare, approved by this court, in Appeal of Third Reformed Dutch Church, 88 Pa. 503, 505: 'Judgments not only bind parties but privies, or, in other words, persons who, though not actually before the court, are yet in contemplation of law represented by those who appear or have been duly summoned.' 'Privies are those whose relationship to the same right of property is mutual or successive. In other words, privity denotes mutual or successive relationship to the right of property, title or estate. It may be in blood, in law, or in estate': Strayer v. Johnson, 110 Pa. 21, 24. 'All persons are privies to a judgment, whose succession to the rights of property adjudicated or affected, are derived through or under some one of the parties to the action. . . . To render a decree conclusive it is not necessary to be against one by name; it is enough that it is against his interest': Newbold's Est., 65 Pa. Superior Ct. 151, 155."

See also Tourison's Estate, 321 Pa. 299.

By the application of these sound precedents we would avoid a decision which in effect changes the character of a fund already adjudged by a court of competent jurisdiction to be income into principal despite the fact that there are no extraneous circumstances before us warranting our so holding. For these reasons I would sustain the exceptions.