## Guttman v. Provident Trust Co. et al.

*Lemuel B. Schofield* and *W. Bradley Ward,* for plaintiff.

*John D. M. Hamilton,* for defendants.

KUN, J., October 29, 1947.—Plaintiff filed a bill against principal defendants, trustees under deed of

trust dated January 17, 1942, praying for a nullification of the said deed on the allegation that she was incompetent to execute the deed and that the execution of it had been induced by undue influence, duress and coercion; praying also that the corpus of the trust estate be awarded to her, claiming to be now sui juris and fully capable of managing her own property. Principal defendants have filed preliminary objections to the bill.

It appears from the bill that plaintiff had executed a prior deed of trust on May 20, 1922, in contemplation of a marriage, which deed provided, inter alia, that in the event of the death of her husband in her lifetime the trust should terminate and the trust estate be transferred back to plaintiff. The husband did not die, but plaintiff was divorced from her husband in 1935. Thereafter the trustee named in the deed, plaintiff's father, died in 1941 leaving a will naming executors, who filed an account under the deed of trust of 1922 in the Orphans' Court of Philadelphia County and docketed at no. 169 of 1942, as set forth in the bill. The bill also shows that plaintiff had in the meantime, on January 17, 1942, executed another deed of trust, sought to be nullified in this proceeding, in which principal defendants are named as trustees. The bill also shows that on March 18, 1942, the executors' account of the first trust was adjudicated and the trust was declared terminated on the ground that the decree of divorce obtained by plaintiff from her husband was equivalent in law under the language of the trust to the death of the said husband, in which event, as provided in the trust, it was to terminate. Concurrently, on petition of plaintiff, the corpus of the estate of the first trust was awarded by decree of the orphans' court to principal defendants, the trustees named in plaintiff's deed of trust dated January 17, 1942, as stated.

It is apparent on the face of the bill that plaintiff seeks to attack in this court collaterally a decree of the orphans' court. There is implicit in the decree of that court the presumptions that the court had jurisdiction of the parties in the matter before it; that they were sui juris and competent, and that the court had jurisdiction of the subject matter.

Principal defendants named herein are in possession as trustees of the trust estate not only by virtue of the trust but as well by the decree of the orphans' court mentioned, awarding them the estate. These sources are indivisible. It hardly needs citation of authority that such an attack upon a decree of a court having concurrent jurisdiction over the subject matter, as in this case, cannot be made in this court. See, however, Newbold's Estate, 65 Pa. Superior Ct. 151; Haines Trust, 356 Pa. 10; Moeller v. Washington County et al., 352 Pa. 640.

Plaintiff has a perfectly adequate remedy in the orphans' court, if she can establish to the satisfaction of that court the fact of her incompetency at the time of the execution by her of the deed of trust under attack or that her execution of it was obtained by undue influence, duress, or coercion. On such a showing, the orphans' court would vacate its decree awarding the trust estate to principal defendants herein and would nullify the deed of trust, having by the Act of June 26, 1931, P. L. 1384, 20 PS §2253(a), jurisdiction over trusts inter vivos.

In a word, the orderly administration of justice requires that any alleged mistake which led to a final judgment or decree in one court must be corrected in that court by an appeal therefrom and not through some other kind of proceeding, as attempted here by this bill in equity, in another court. Plaintiff must

seek redress by appropriate proceeding in the orphans' court. This court has no jurisdiction of the cause as pleaded.

Accordingly, the preliminary objections to the bill are sustained and, inasmuch as the matter is not one that may be corrected by amendment, the bill is dismissed as to all defendants.

This disposition of the matter makes it unnecessary to rule separately on the preliminary objections filed by defendant Ralph A. Gibbs. Though named as a defendant, the bill does not disclose any interest on his part in the trust estate referred to and the bill does not ask for any relief against him, so that it appears clear that he was improperly joined as a defendant and the bill would, in any event, have to be dismissed as to him.