## Stauffer Estate

*Ralph W. Eby, Jr.,* for exceptants.
*Alfred C. Alspach,* contra.

BOWMAN, P. J., August 11, 1954.—John R. Stauffer died May 27, 1929, intestate, survived by his widow, Margaret Stauffer, and eight children, namely, Ora F.

Peffley, Anna Pickel, John W. Stauffer, Clayton L. Stauffer, Emma J. Herr, Adda W. Stauffer, Celia H. Pickel and Elvin H. Stauffer. At the time of his death decedent was the owner of a tract of land containing 17 acres 92 perches situate in Paradise Township, Lancaster County.

Adda died intestate, unmarried and without issue on March 5, 1952. Celia died May 6, 1936, intestate, leaving to survive her an only child, Norman S. Pickel, and no spouse. Elvin died January 21, 1933, intestate, survived by Stella R. Stauffer, his widow, and seven children, A. Landis Stauffer, Clarence L. Stauffer, Harold L. Stauffer, Reba Nissley, Anna M. Stauffer, Irene Stauffer and Helen Buckwalter. Margaret Stauffer died May 21, 1937, intestate.

On March 11, 1954, the five surviving children of John R. Stauffer and Margaret Stauffer, Stella R. Stauffer and her seven children, and Norman S. Pickel presented their petition for the appointment of John Peffley as trustee to make sale of the real estate mentioned for the purpose of distribution under section 23(a) of the Orphans' Court Partition Act of 1917, as amended. An order of sale was entered as prayed for, and on April 29, 1954, the trustee made a return thereof setting forth that on April 17, 1954, he sold the real estate to Joseph F. and Audrey J. Greineder for the sum of $7,500. On April 29, 1954, the sale was confirmed nisi. On May 10, 1954, exceptions were filed by Norman Pickel (one of the petitioners for the sale) setting forth that John W. Stauffer (who was also a petitioner) died April 15, 1954, testate; that exceptant is the executor of his will; and that on April 18, 1954, a deed dated only as to the year 1931 was found whereby John R. Stauffer's widow and seven of his children who were then living conveyed to the other child, John W. Stauffer, all the right, title and interest of the grantors in and to the real estate which the

trustees sold under the order of sale. It is contended, therefore, that (1) "since the real estate was owned solely and in fee" by John W. Stauffer, there was no need for a sale; (2) "the true facts of ownership" discovered after the sale deprived the court of its . . . "power either to order said sale or confirm the same", and (3) an injustice will be done to the estate of John W. Stauffer and the devisees under his will if the sale is confirmed.

The trustee filed preliminary objections "in the nature of a demurrer" to the exceptions on the ground that exceptant is estopped by reason of the joinder of exceptant's testator and exceptant individually in the petition for the sale, and by exceptant's acquiescence in the sale itself.

No question is raised as to the price the trustee obtained, or that the sale was not fairly held after due advertisement as the act required. It neither appears nor is it contended that there was a delivery of the deed of 1931 as to render it legally operative. As a matter of fact, the court was informed that the instrument of 1931, which is unacknowledged and unrecorded, was found in the files of a deceased justice of the peace. It is not shown nor is it contended that petitioners (which include both exceptant, individually, and decedent of whose will he is now executor) were fraudulently induced to sign the petition requesting the sale. They aver that they are the sole parties interested in the real estate and desire the same to be converted into money for distribution.

Counsel for exceptant, in his brief and at argument, emphasizes that the jurisdiction of the orphans' court does not extend to cases where lands are held in severalty and refers us to Malusis Estate, 79 D. & C. 504. In that case decedent, a widow, owned two adjoining parcels of real estate in severalty and by her will devised one tract to one son and the other tract to an-

other son. Prior to her decease all of her children, knowing of the provisions of the will, entered into a written agreement under the terms of which it was agreed that all of the specifically devised real estate (as well as any personal property) should be divided equally amongst all of her children. Following the probate of the will, the agreement was filed in the register's office. Thereafter, a son who was a devisee of one tract filed a petition for an inquest in partition of the two tracts, averring therein that each child had an undivided one-sixth interest in the two properties. It was held that under the provisions of section 1 of the Orphans' Court Partition Act of June 7, 1917, P. L. 337, as amended, 20 PS §1181, which combines the provisions of various prior acts relating to partition, "there can only be construed an extension of jurisdiction to cases wherein an *undivided interest* in the lands passed or was derived through intestate or testate succession or by act or law on intestacy or testacy. . . ."

In the instant case the basis of jurisdiction is found in the fact (and this is not controverted) that John R. Stauffer died seized of the real estate under consideration and that he died intestate.

But it is argued that section 23 (*a*) of the Partition Act of 1917, as amended, requires that there be a "joint petition" of "parties in interest", and consequently there can be no sale where there are no undivided interests. This section was derived from section 1 of the Act of June 12, 1893, P. L. 461. It was intended to provide a simple method for the sale of land of a decedent for distribution when all parties in interest joined in asking the court for an order of sale: Gross' Estate, 26 Pa. C. C. 219. Section 23 (*a*) of the Act of 1917, as amended, as did section 1 of the Act of 1893, provides that after the sale has been ordered, and the executor, administrator or trustee has given bond, he shall proceed thereafter in the manner as in the cases

of sale of real estate under proceedings in partition. Thus the section in question eliminates the expensive and troublesome steps involved in proceedings initiated otherwise under the act which, in section 16 (of the Act of 1917), provides that "Upon return made by commissioners appointed by agreement of the parties, or of the inquisition taken, . . . and a final decree is entered, the partition thereby made shall be firm and stable forever, subject only to the right of appeal".

Thereafter, under section 21, upon a failure of the heirs to take the real estate, provision is made for a sale thereof. The act contemplates, therefore, a finality of the preliminary proceedings before the stage of sale. We think what was said in Christy et al. Appeal, 110 Pa. 538, 541, is pertinent here:

" 'Objections to jurisdiction, to the alleged rights of the parties, and to the regularity of the proceedings, may all be considered and determined. The decree then made that the partition remain firm and stable forever, is definitive and final. Here then is a resting place. The partition proper is then completed. It precedes any order of sale, or any allotment of the purparts. From this final decree any person aggrieved may appeal. Any person interested can have his alleged grievances adjudicated and the validity of the partition determined before he is required to elect to take a purpart or suffer the property to go to sale.' "

We need not, and do not, rest our decision upon this procedural view. We are of the opinion that exceptant is estopped from questioning the sale. For the purpose of proceeding under the Partition Act exceptant and all other parties in the petition *jointly* aver that they are the sole parties in interest in the real estate and *jointly* express their desire to have it converted into money for distribution. He should not now be heard to say otherwise. Exceptant is endeavoring to file exceptions to his own record. Having set forth his

position, he cannot now act in contravention thereof: Giordano's Estate, 47 Lack. Jur. 209.

There are cases analogous to the problem here involved. In Scheible's Estate, 5 Pa. C. C. 601, testator devised his real estate to his wife, with remainder to his children. During the life of the widow proceedings in partition were begun and as to which she made no objection. A decree was entered ordering a sale of the property and the widow was appointed trustee to make sale. Subsequently, the purchaser at the sale petitioned the court to be relieved of his bid on the ground that the court had no jurisdiction to entertain the proceedings for partition. It was held that the court had jurisdiction, that the widow was estopped by her acts from claiming possession, and that the purchaser was safe in accepting title. See also Miller's Appeal, 84 Pa. 391; Donaghy's Estate, 152 Pa. 92.

In Hauger v. Hauger, 376 Pa. 216, 220, it is said:

"The plaintiff-appellant was the moving party in the procedure used for the purpose of settlement of the individual interests of the heirs, and he is bound thereby. Even though the steps used are not in the real sense regular, they are not such as to nullify the result. He instituted and accepted them until he found that the result was not to his liking, and he will not now be heard to complain. He submitted to the authority of the master to proceed to sale and partition; in fact the master's appointment was due to his act. The master's actions from appointment to conclusion were regular and in accordance with the law."

Exceptant complains that an injustice will be done to the estate of John W. Stauffer and to those who share therein if the sale is permitted to stand. Whatever hardship may result, it is of the deceased petitioner's own doing. Whatever else may be said, the sole ownership of the real estate which the trustee sold at public sale was vested in those who joined in

the petition for an order of sale. Whatever rights exceptant or the estate of deceased petitioner may have by virtue of the partially dated, unacknowledged and unrecorded deed in and to the proceeds of the sale are not now before us. See Miller's Appeal, supra.

And now, August 11, 1954, for the reasons set forth, the preliminary objections are sustained, the exceptions are dismissed and the sale is confirmed absolutely.