# Hartranft, Appellant, *v.* Ives.

*Bankruptcy—Preference—Res adjudicata—Order of referee.*

Where a referee in bankruptcy makes an order expunging a claim by a creditor against the bankrupt because the creditor had received a preference in excess of the claim, such order is res adjudicata as to the fact of the preference, and the creditor in a subsequent suit against him by the trustee to recover such preference cannot set up as a defense that the payments made to him were not in fact a preference.

338, (1916).] Statement of Facts—Opinion of the Court.

Argued Feb. 29, 1916.  Appeal, No. 25, Feb. T., 1913, by plaintiff, from judgment of C. P. Lycoming Co., June T., 1914, No. 173, on verdict for plaintiff in case of P. F. Hartranft, Trustee in Bankruptcy of Joseph V. Kuhns, v. E. F. Ives.  Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Assumpsit by trustee in bankruptcy to recover a preference.  Before WHITEHEAD, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant.  Plaintiff appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*Mortimer C. Rhone,* for appellant.—The case was res adjudicata : In re Docker-Foster Co., 123 Fed. Rep. 190 ; Cromwell v. Sac. Co., 94 U. S. 351 ; Henderson v. Denious, 26 A. B. R. 226 ; Clendening v. Red River Nat. Bank of Fargo, 11 A. B. R. 245 ; McCullouch v. Davenport Savings Bank, 35 No. 4, of American Bankruptcy Rep. Jan. 1916.

*Edgar Munson,* of *Candor & Munson,* for appellee, cited : Buder v. Columbia Distilling Co., 70 S. W. 508 ; Henderson v. Denious, 186 Fed. 100 ; Clendening v. Bank, 94 N. W. 901 ; McCulloch v. Red River Bank, 226 Fed. 309.

OPINION BY WILLIAMS, J., October 9, 1916 :

This was a suit by a trustee in bankruptcy to recover various sums of money, amounting to $821.43, alleged to have been paid to a creditor as a preference.

Ives, the defendant, presented a claim to the referee in bankruptcy against the bankrupt for $250.  This claim was allowed.  Subsequently the trustee in bank-

ruptcy, the plaintiff below, presented a petition to the referee averring that Ives, having received a preference, in various sums set forth in the petition, amounting to $821.43, his allowed claim should be expunged. This petition averred the essential facts to warrant the order subsequently made by the referee. A copy of the petition with a rule to show cause why his claim should not be reconsidered, disallowed and expunged, was personally served upon Ives, who did not appear at the hearing and filed no answer; whereupon the referee, upon the facts averred in the petition, no denial of their truth having been made, adjudged them to be true and expunged the claim from the record. The present suit was brought to recover the preferences referred to therein.

At the trial, the record of the bankruptcy court and of the referee was presented and admitted without objection on the part of Ives. A motion for a nonsuit was made and refused. Ives then made an offer to prove that "the alleged transfers, amounting to $821.43 set forth in the plaintiff's statement of claim, were not such preferential transfers as could be avoided by the trustee, for the reason that the said E. F. Ives, the defendant, did not have reasonable cause to believe that the said transfers of money would enable him to receive a greater proportion of his debt than other creditors of the same class; propose to show further by the witness that he neither knew, nor had cause to believe, that Joseph V. Kuhns, the bankrupt, was insolvent at the time of the alleged transfers."

The trustee objected, inter alia, that the matter had been passed upon by the referee and was, therefore, res adjudicata. The testimony was allowed to go to the jury. The plaintiff and the defendant both asked for binding instructions and both were refused. The court charged the jury that the only question for its consideration was whether or not Ives, at the time he received the payments, had reasonable cause to believe that Kuhns was in bad financial condition and that he was receiving

a preference. The jury found a verdict for the defend-
ant Ives. The plaintiff made a motion for judgment
non obstante veredicto which was refused.

A single question is raised by the assignments of error.
Was the order of the referee, made in expunging the
claim of Ives because a preference had been given, res
adjudicata in a subsequent suit to recover that prefer-
ence.

A referee is a judicial officer and his orders or decrees,
within the scope of his powers, are entitled to the same
credit as orders or decrees of courts of general juris-
diction: Clendening v. Bank, 12 N. Dakota 51; Mc-
Cullouch v. Davenport Savings Bank, 226 Fed. 309 (U.
S. D. Ct.). In the latter case it was expressly held
where a claim had been duly presented against the bank-
rupt's estate, to which the trustee objected on the ground
that five automobiles had been transferred to the claim-
ant as a voidable preference, the claimant having been
notified and not appearing or offering evidence, and the
referee having made an order expunging the claim, that
such order was an adjudication of the fact that the five
automobiles constituted a preference. WADE, D. J., says
(311) : "The principal question to be determined is
whether or not said proceedings upon the claim of the
Davenport Savings Bank before the referee constitutes
such an adjudication of the facts involved in this case as
to render further proof of the facts unnecessary. The
referee in bankruptcy is a judicial officer, performing
certain functions as part of the bankruptcy court, and
there can be no question but that his findings upon all
matters within his jurisdiction have the same force and
effect as if rendered by any court of general jurisdiction.
Such referee has the specific power to hear and determine
all questions arising upon claims filed, and objections
thereto, and the referee in this case, without doubt, had
the power to make the order aforesaid. The referee had
no power to bring the Davenport Savings Bank before
him to determine the validity of its claim; but the Daven-

port Savings Bank voluntarily conferred jurisdiction by its appearance, seeking relief which the referee had power to grant or refuse, according to the facts......The finding by the referee was a valid, specific adjudication of every fact involved in this case so far as its merits are concerned." This decision is supported by the best of authority. Failure to file an answer justified the entry of a decree pro confesso: In re Docker-Foster Co., (U. S. D. Ct.) 123 Fed. 190. If the defendant was aggrieved by the order his remedy was by appeal and not by an attempt to review the same facts in another proceeding: Hargadine-McKittrick Dry Goods Co. v. Hudson, (C. C. of App.) 122 Fed. 232. The referee's decision is conclusive of every fact upon which his order depended: Moore v. Breit, (C. C. of App.) 220 Fed. 97. The conclusiveness of a prior judgment does not necessarily depend upon whether there is the same demand in both cases. Even though the claims be different, one may be conclusive of the other if the question upon which the recovery depends has, under the same circumstances and conditions, been decided in the prior proceedings: Rauwolf v. Glass, 184 Pa. 237; Peoples Water Co. v. Pittston, 241 Pa. 208. The rule of res adjudicata extends to every question in the proceedings that was legally cognizable: Nernst Lamp Co. v. Hill, 243 Pa. 448. Matters which follow by necessary and inevitable inferences from the judgment, findings or determinations of the court in relation to the subject-matter of the suit which are necessarily implied from its final decision, as being determinations which it must have made in order to justify the judgment as rendered are equally covered by the estoppel as if they were specifically found in so many words: 23 Cyc. 1306; Bell v. Allegheny Co., 184 Pa. 296; Donoghy's Est., 152 Pa. 92; Dorris v. Erwin, 101 Pa. 239.

The appellee cites two cases, Utah Assn., Etc., v. Boyle Furniture Co., 39 Utah 518, and Buder v. Columbia Distilling Co., 96 Mo. App. 558. In both of them the trustee

allowed claims to be filed without objection. It was held
in a subsequent suit to recover an alleged preference that
the allowance of the claim was not res adjudicata of the
fact that there had been no preference for the reason that
the question as to whether or not there was a preference
had not been presented for the consideration of the ref-
eree, whereas in the case at bar it was directly in issue
in the determination of the claim for $250 presented by
the defendant Ives.

Under Section 60a of the Bankruptcy Act the trustee,
in an action to recover an alleged preference must es-
tablish (1) the insolvency of the bankrupt, (2) the trans-
fer of the property within four months of bankruptcy
with intent to prefer, (3) that the transfer gives the
creditor a greater percentage of his debt than the rest of
the creditors of the same class and (4) that the creditor
had reasonable cause to believe that the debtor was in-
solvent. When the plaintiff closed his case these require-
ments had been fully met. As the defendant could not
(by reason of its being res adjudicata) present the evi-
dence offered by him, the jury should have been instruct-
ed to find for the plaintiff.

The judgment is reversed, the record remitted and the
court below directed to enter judgment for the plaintiff
in the sum of $821.43 in accordance with plaintiff's re-
quest for binding instructions.