595 A.2d 1240

**Howard B. MINTZ and Heddie A. Mintz, Appellants,**

**v.**

**The CARLTON HOUSE PARTNERS, LTD., Appellee.**

Superior Court of Pennsylvania.

Argued May 8, 1991.

Filed Aug. 7, 1991.

466

Simon W. Tache, Philadelphia, for appellants.

Michael E. Garner, Philadelphia, for appellee.

Before ROWLEY, President Judge, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from an Order of the Court of Common Pleas of Philadelphia County granting partial summary judgment in favor of the appellee, The Carlton House Partners, Ltd. ("Carlton House"). We affirm.

On November 29, 1984, the appellants, Howard B. and Heddie A. Mintz, (collectively "the Mintzes"), entered into a commercial lease agreement with an agent of Carlton House. The agreement contemplated the lease of premises located on the Arcade level of the Carlton House Apartments. By its terms, the lease was intended to operate for a term of one hundred and twenty-one months beginning on December 1, 1984.

On November 21, 1986, the Mintzes filed a complaint in the Court of Common Pleas of Philadelphia County alleging breach of contract, breach of warranties, breach of the covenant of quiet enjoyment, negligence, and intentional infliction of emotional distress. The factual allegations common to all of the Mintzes' claims focused upon Carlton House's alleged failure to make certain improvements to the leased premises as stipulated in the lease agreement. Specifically, the Mintzes' claim that Carlton House failed to provide an adequate heating, ventilation, and air-conditioning unit for the leased premises. The Mintzes contend that Carlton House's failure to make such improvements constitutes a breach of the lease agreement and that they are therefore entitled to damages arising from that breach.

In its answer to the complaint, Carlton House denied that it breached the lease agreement and asserted a counterclaim for unpaid rent and other expenses due under the lease.

While the Mintzes' action was pending in the Court of Common Pleas, an involuntary Chapter 11 bankruptcy petition was filed against Carlton House in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Carlton House converted the filing to a voluntary bankruptcy proceeding and submitted a plan for reorganization thereunder. *See In re TM Carlton House Partners, Ltd.,* 91 B.R. 349 (Bankr.E.D.Pa.1988). The Mintzes were prevented from pursuing their action in the Philadelphia County Court of Common Pleas during the pendency of the

bankruptcy proceeding by operation of the automatic stay provision of the Bankruptcy Code.[1]

On May 20, 1988, the Mintzes applied to the bankruptcy court for relief from the automatic stay so that they might go forward with their state law action against Carlton House. This motion was denied after a hearing on July 7, 1988 by the Honorable David A. Scholl, United States Bankruptcy Judge. The order issued in conjunction with the denial of the Mintzes' motion granted Carlton House the opportunity to proceed in state court against the Mintzes on any claims or counterclaims that may have existed prior to the filing of the bankruptcy petition.

The Mintzes subsequently filed a proof of claim against Carlton House in the bankruptcy proceeding with the hope of participating in Carlton House's plan of reorganization.[2] An evidentiary hearing was conducted in the bankruptcy court on September 20, 1989 specifically to determine the validity of the Mintzes' proof of claim. The bankruptcy court found that Carlton House was not liable to the Mintzes "in any amount" and therefore refused to award the Mintzes a claim for either pre- or post-petition damages.

1. Section 362(a) of the Bankruptcy Code provides that the filing of a petition:

operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of a case under this title, or to recover a claim against the debtor that arose before the commencement of a case under this title; * * * (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a).

2. Section 501 of the Bankruptcy Code requires the holder of an unsecured claim to file a proof of claim with the bankruptcy court. 11 U.S.C. § 501. If no proof of claim is filed for an unsecured claim, the general rule is that such claim will be disallowed in bankruptcy. *See* Notes of Committee on the Judiciary, Senate Report No. 95–989; 11 U.S.C. § 501. A proof of claim is deemed allowed under section 502(a) of the Code unless a party in interest objects. 11 U.S.C. § 502(a). If such objection is made the bankruptcy court must give notice and a hearing to determine the amount of the claim and whether the claim will be allowed. 11 U.S.C. § 502(b).

*In re IM Carlton House Partners, Inc.*, Bankr. No. 88–10774S, 1989 WL 120577 (Bankr.E.D.Pa. Oct. 11, 1989). The Mintzes' post-trial motions were denied by order of the bankruptcy court on November 29, 1989. On April 16, 1990, the Honorable James T. Giles of the United States District Court issued an order affirming the bankruptcy court's disallowance of the Mintzes' proof of claim. *In re IM Carlton House Partners, Inc.*, Civ. No. 90–0084, 1990 WL 44698 (E.D.Pa. Apr. 16, 1990).

Subsequent to the confirmation of its plan of reorganization on May 31, 1989, Carlton House filed a motion for partial summary judgment in the Philadelphia County Court of Common Pleas with respect to all of the issues raised in the Mintzes' complaint. The motion was granted on August 24, 1990 by the Honorable Samuel M. Lehrer. This timely appeal was then filed.

The Mintzes raise the following issues for review:

I. Whether the Common Pleas Court committed reversible error in granting defendant's Motion for Summary Judgment despite the existence of disputed issues of material fact.

II. Whether the Common Pleas Court committed reversible error in holding that the Order of the Bankruptcy Court entered after an evidentiary hearing is res judicata with regard to the claims set forth in the plaintiff's complaint.

■ The Mintzes' first argument is that the trial court erred in its application of the standard for ruling upon a motion for summary judgment. The standard for granting summary judgment is set forth in Pennsylvania Rule of Civil Procedure 1035(b). That section provides that summary judgment

> *shall* be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Pa.R.C.P. 1035(b) (emphasis added); *see also* 6 Standard Pa. Practice § 32:1 (1986).

The court of common pleas determined that the "entry of the order confirming the plan [of reorganization] acts as a full and complete discharge of any debt which might be otherwise due and owing from [Carlton House]." *Mintz v. The Carlton House Partners, Ltd.*, Civ. No. 3965 (Pa.Com. Pl. Nov. 19, 1990), slip op. at 3. Thus, the court concluded that there was no genuine issue of fact surrounding the alleged liability of Carlton House to the Mintzes which remained to be tried in the court of common pleas.

A determination of whether the grant of a motion for summary judgment is to be upheld requires an appellate court to determine whether the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Overly v. Kass*, 382 Pa.Super. 108, 110, 554 A.2d 970, 971 (1989). If the materials submitted by the parties meet the standards set forth in Rule 1035(b) the case is ripe for summary disposition. *Bell Tel. Co. of Pa. v. Uni–Lite, Inc.*, 294 Pa.Super. 89, 439 A.2d 763 (1982); 6 Standard Pa. Practice § 32:47 (1986). We will not disturb the trial court's ruling absent an error of law or a manifest abuse of discretion. *Vargo v. Hunt*, 398 Pa.Super. 600, 581 A.2d 625 (1990).[3]

■ The Mintzes also contend that the order confirming Carlton House's plan of reorganization did not operate as a full and complete discharge of their claims. They argue that a disputed issue of material fact exists as to whether the entry of the order confirming Carlton House's plan of reorganization acts as a full and complete discharge of their claims which arose after the date of the confirmation of the

---

**3.** Although the Mintzes indicate in their brief that they have "future claims" against Carlton House, it is apparent that the expenses to which they refer were accrued as a result of past dealings with Carlton House. The Mintzes have failed to allege any new causes of action, different from those set forth in the original complaint. Thus, we cannot accept their classification of "future claims" where the pleadings show only one breach and only one level of damages.

plan.[4] Similarly, the Mintzes argue that there has been no final valid judgment on the merits entered by the bankruptcy court which affects the totality of their claims and that the trial court therefore erred in applying the doctrine of res judicata. We disagree.

Section 1141(d) of the Bankruptcy Code provides that the confirmation of a plan of reorganization discharges the debtor from any debt which arose before the date of such confirmation. *See* 11 U.S.C. § 1141(d).[5] A debt, as that term is used in the Bankruptcy Code, includes the damages which the Mintzes seek to recover. *See* 11 U.S.C. §§ 101(11), 101(4).[6]

**4.** "The true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion." *Kapil v. Ass'n of Pa. St. College & Univ.,* 504 Pa. 92, 99, 470 A.2d 482, 485 (1983). Although the Mintzes may have incurred expenses since the time of the confirmation of Carlton House's plan of reorganization, those expenses relate to the single core of operative facts which occurred prior to the confirmation of the Carlton House's plan of reorganization. Those are the operative facts upon which the Mintzes could have first maintained the action to a successful conclusion. Thus, the Mintzes' causes of action must be deemed to have accrued prior to the confirmation of Carlton House's plan of reorganization even though the expenses which they may have suffered as a result of the alleged breach were incurred after the date of the confirmation. *Id.* This is consistent with our policy that all damages, whether past, present, or future, must be determined in a single action. *See Schwegel v. Goldberg,* 209 Pa.Super. 280, 228 A.2d 405 (1967); *Accord, Martin v. Johns-Manville,* 322 Pa.Super. 348, 469 A.2d 655 (1983); *rev'd on other grounds,* 508 Pa. 154, 494 A.2d 1088 (1985).

**5.** Section 1141(d) provides:
 (d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—
 (A) *discharges the debtor from any debt that arose before the date of such confirmation,* and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—
 (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title; (ii) such claim is allowed under section 502 of this title; or (iii) the holder of such claim has accepted the plan; * * *
11 U.S.C. § 1141(d) (emphasis added).

**6.** The Bankruptcy Code defines debt as "liability on a claim." 11 U.S.C. § 101(11).
 A claim is defined as any:

Furthermore, the question of when a debt arises for bankruptcy purposes is to be resolved by application of state law. *In re Frenville Co., Inc.,* 744 F.2d 332, 336 (3d Cir.1984). Under the law of this Commonwealth, a debt occurs at the time of the breach which gives rise to the cause of action. *Chittenholm v. Giffin,* 357 Pa. 616, 55 A.2d 324 (1947). Therefore, the debt assertedly owed to the Mintzes is deemed to have arisen at the time of the breach which gave rise to the cause of action. *Id.* We find, as did the trial court, that the breach alleged here occurred prior to the confirmation of Carlton House's plan of reorganization. Thus, the Mintzes' "future claims" have been fully and completely discharged by the confirmation of the plan of reorganization pursuant to section 1141 of the Bankruptcy Code. 11 U.S.C. § 1141(d)(1)(A).

Moreover, the bankruptcy court determined that there was no breach of duty on the part of Carlton House. *In re TM Carlton House Partners, Inc.,* Bankr. No. 88–10774S, 1989 WL 120577 (Bankr.E.D.Pa. Oct. 11, 1989). Therefore, the Mintzes are not entitled to damages irrespective of whether they may have arisen prior to or after the confirmation of the plan of reorganization. It is a fundamental principle of jurisprudence that there can be no award of damages without a finding of liability. *See Incollingo v. Ewing,* 444 Pa. 299, 282 A.2d 206 (1971) (the amount of damages to be awarded must be limited to the amount of the loss sustained). Thus, the final valid judgment entered by the bankruptcy court regarding the lack of merit of the Mintzes' claims disposes of all claims to damages contained in the Mintzes' complaint. *See Bailey v. Harleysville Mu-*

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
(B) right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to a judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.
11 U.S.C. § 101(4).

*tual Ins. Co.,* 341 Pa.Super. 420, 424, 491 A.2d 888, 890 (1985). The time of the transaction or the breach, not the time at which damages may have been incurred, is dispositive of this issue. *Kapil v. Ass'n. of Pa. St. College & Univ.,* 504 Pa. 92, 99, 470 A.2d 482, 485 (1983).[7]

■ The second issue raised by the Mintzes concerns the propriety of the grant of Carlton House's motion for partial summary judgment on the grounds of res judicata. In order to determine whether the trial court properly granted this motion we must first decide whether the disallowance of a claim by a United States Bankruptcy Court after an evidentiary hearing is res judicata in the courts of this Commonwealth. If the answer to that question is in the affirmative, we must then determine whether the bankruptcy adjudication actually encompassed the claims set forth in the Mintzes' complaint. If the bankruptcy court adjudication is entitled to the protection of the doctrine of res judicata and the adjudication encompassed the claims set forth in the Mintzes' complaint, then the Court of Common Pleas was correct in granting Carlton House's motion for partial summary judgment.

7. The Mintzes seek support for their position in a section of the Bankruptcy Court's opinion which denied their request to append a claim for post-petition damages. The bankruptcy court pointed out that the bankruptcy code requires that a claim must be valued as of the date of the filing of the bankruptcy petition. *See* 11 U.S.C. § 502(b). An examination of the Notes of Committee on the Judiciary, Senate Report No. 95–989, following section 502 reveals that Congress intended to have the bankruptcy court liquidate the full amount of debt owed to a claimant as of the date of the filing of the bankruptcy petition. *See In re Invader Corp.,* 71 B.R. 564 (Bankr. W.D.Tex.1987). Thus, this section requires that any claim for damages which will be incurred after the filing of the petition, but as a result of the original breach, be reduced to a sum certain so that the claim may be included in the debtor's plan of reorganization. The purpose of this section is to "afford the debtor complete bankruptcy relief." Notes of Committee on the Judiciary, Senate Report No. 95–989. The section should not be interpreted in such a way as to prevent the inclusion of damages which may arise later in time, but as a result of the original transaction, from the bankruptcy proceeding. To the contrary, a valid claim to post-petition damages must be included in the plan so that the purposes of the Bankruptcy Code may be best served.

 Summary judgment may properly be granted on the grounds of res judicata and/or collateral estoppel if the trial court, consistent with Pennsylvania Rule of Civil Procedure 1035(b), determines that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 231, 464 A.2d 1313, 1316 (1983). Under the doctrine of res judicata, "[a] final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action." *Stevenson v. Silverman*, 417 Pa. 187, 190, 208 A.2d 786, 788 (1965), *cert. denied*, 382 U.S. 833, 86 S.Ct. 76, 15 L.Ed.2d 76 (1966); *Accord, Bailey v. Harleysville Mutual Ins. Co.*, 341 Pa.Super. 420, 424, 491 A.2d 888, 890 (1985). The purpose of the doctrine of res judicata is "to minimize the judicial energy devoted to individual cases, establish certainty and respect for court judgments, and protect the party relying on the prior adjudication from vexatious litigation." *Lebeau v. Lebeau*, 258 Pa.Super. 519, 524, 393 A.2d 480, 492 (1978). Given this purpose, the doctrine of res judicata must be liberally construed and applied without technical restriction. *Hochman v. Mortgage Finance Co.*, 289 Pa. 260, 137 A. 252 (1927); *see also Bearoff v. Bearoff Bros.*, 458 Pa. 494, 500, 327 A.2d 72, 76 (1974).

 Proper application of the doctrine of res judicata requires the concurrence of four conditions: (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975); *In re Estate of Hillegass*, 322 Pa.Super 139, 469 A.2d 221 (1983). Clearly, all of these factors are present in this case.

The Mintzes contend that the application of the doctrine of res judicata was improper because the adjudication of the bankruptcy court is not a final valid judgment on the merits which affects the totality of their claim. We disagree.

First, a United States Bankruptcy Judge is a judicial officer and orders and decrees which he or she may issue within the scope of his or her powers are entitled to the same credit as orders and decrees of courts of general jurisdiction. *See Hartranft v. Ives,* 64 Pa.Super. 338 (1916). Moreover, state courts must give full faith and credit to proceedings of federal courts. U.S.C.A. Const. Art. 4, § 1; 28 U.S.C.A. § 1738; *Delaware Valley Citizens' Council For Clean Air v. Com. of Pa.,* 755 F.2d 38 (3d Cir.1985), *cert. denied,* 474 U.S. 819, 106 S.Ct. 67, 88 L.Ed.2d 54 (1985). Therefore, the adjudication of the bankruptcy court is a final valid judgment on the merits of the Mintzes' claim, and this judgment is entitled to full faith and credit in our courts. *Id.*

Second, the rule of res judicata extends to every question in the proceedings that was legally cognizable. *Nernst Lamp Co. v. Hill,* 243 Pa. 448, 90 A. 137 (1914). "It bars the relitigation of issues raised, as well as arguments which might have been raised." *Noetzel v. Glasgow, Inc.,* 338 Pa.Super. 458, 467, 487 A.2d 1372, 1376 (1985), *cert. denied,* 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1986). The "true test by which we are to ascertain whether a final determination in a former action is a bar, or not, to subsequent action, is whether the evidence to support both is the same." *MaGee v. Grange Nat. Bank of Wyoming County,* 149 Pa.Super. 477, 478, 27 A.2d 488, 489 (1942).

The allegations of fact contained in the Mintzes' brief, assuming that they may be proven, are identical to those used to support the validity of their claim in the bankruptcy court. Both the evidence used in the trial on the merits of the Mintzes' proof of claim and the facts alleged in their complaint relate to the same core of operative facts surrounding the disagreement over the heating, venting, and air-conditioning unit located in the leased premises. *See In re TM Carlton House Partners, Inc.,* Bankr. No. 88–10774S, 1989 WL 120577 (Bankr.E.D.Pa. Oct. 11, 1989). The Mintzes are merely attempting to recover another alleged element of damages arising from the same transac-

tion. The validity of the Mintzes' cause of action has been litigated and decided adversely to their interests in the bankruptcy court. *Id.* Therefore, the Mintzes may not now assert a claim that was legally cognizable previously in the bankruptcy adjudication. *Noetzel v. Glasgow,* 338 Pa.Super. at 467, 487 A.2d at 1376. This includes their claim for damages allegedly arising since the confirmation of the Carlton House's plan of reorganization, because that issue was legally cognizable in the bankruptcy adjudication.

The bankruptcy court did in fact review the Mintzes' claim on the merits. The court found that "the debtor is not liable to the claimant *in any amount." In re TM Carlton House Partners, Inc.,* Bankr. No. 88–10774S (Bankr.E.D.Pa. Oct. 11, 1989) (emphasis added). This clearly includes all damages which could have resulted from the alleged breach of the lease, irrespective of the time at which the Mintzes may have incurred them. Therefore, the order of the bankruptcy court dismissing the Mintzes' claim is a final valid decision on the merits and, as such, is entitled to the protection of the doctrine of res judicata. *Stevenson v. Silverman,* 417 Pa. 187, 190, 208 A.2d 786, 788 (1965); *Bailey v. Harleysville Mutual Ins. Co.,* 341 Pa.Super. 420, 424, 491 A.2d 888, 890 (1985).

The Mintzes remaining arguments against the application of the doctrine of res judicata are: (1) that the parties are not identical because the bankruptcy proceeding transformed Carlton House into a new entity, and (2) that the capacity of Carlton House was different in the two proceedings. Assuming, arguendo, that these assertions have merit, they do not affect the applicability of the doctrine of res judicata.

> The rule [of res judicata] should not be defeated by minor differences of form, parties, or allegations, when these are contrived only to obscure the real purpose, a second trial on the same cause between the same parties. *The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually*

*had an opportunity to appear and assert their rights.*
If this be the fact, then the matter ought not be litigated
again, nor should the parties, by a shuffling of plaintiffs
on the record, or by change in the character of the relief
sought, be permitted to nullify the rule.

*Stevenson v. Silverman*, 417 Pa. 187, 192, 208 A.2d 786,
788 (1965) (emphasis added); *see also In re Jones & Laugh-
lin Steel Corp.*, 328 Pa.Super. 442, 450, 477 A.2d 527, 531
(1984). The ultimate issue of liability was decided by the
bankruptcy court in a proceeding in which the parties had
an opportunity to appear and assert their rights. There-
fore, the doctrine of res judicata bars any further proceed-
ings on this subject matter. *Stevenson, supra; In re
Jones, supra.*

The Mintzes' final argument is that the doctrine of
collateral estoppel should apply to the Carlton House's
counterclaim for unpaid rent and other expenses due under
the lease. The doctrine of collateral estoppel, or issue
preclusion, may successfully be asserted if:

1) the issue decided in the prior adjudication was identical
with the one presented in the latter action, 2) there was a
final judgment on the merits, 3) the party against whom
the plea is asserted was a party or in privity to the prior
adjudication, and 4) the party against whom it is asserted
had a full and fair opportunity to litigate the issue in
question in a prior action.

*Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567,
574, 345 A.2d 664, 668 (1975). None of these factors are
present in this action. The counter-claim was not litigated
in the bankruptcy court and, in fact, the counter-claim was
expressly preserved by the bankruptcy judge. Thus, the
Mintzes' assertion of collateral estoppel is without merit.
*Id.*

Order affirmed.