**Shoop v. Shoop**

C.P. of Indiana County, no. 10143 CD 2002.

*Myron Tombs,* for plaintiff.
*Thomas Bianco,* for defendant.

HANNA, *J.,* August 15, 2006—This matter comes before the court on Wife's petition for enforcement of a marriage settlement agreement. For the reasons set forth below, the court concludes that Wife is entitled to enforcement of the agreement.

## FACTS AND PROCEDURAL HISTORY[1]

On July 17, 1998, Debra Ann Shoop (Wife) and Harold W. Shoop (Husband) were married in Indiana, Pennsylvania. Sometime into the marriage, the parties had a variety of marital differences including Husband's drinking problem, which resulted in the parties separating on June 4, 2001. In August of the same year, the parties entered into a separation agreement. The agreement provided that Husband would cease consuming alcohol, join Alcoholics Anonymous and obtain counseling for the problems that affected the marriage. The agreement stated that the process of counseling and rehabilitation would take approximately two years.

On January 29, 2002 Wife filed for divorce. Husband answered the divorce complaint on February 13, 2002 and also counterclaimed for equitable distribution of marital property. Wife answered this counterclaim on April 1, 2002 stating that Husband's claim for equitable distribution was precluded by the parties' separation agreement.

The next year, in June of 2003, Husband filed a petition to vacate separation agreement. His petition advanced three arguments: (1) Husband was unrepresented and failed to carefully read the agreement; (2) the terms of the separation agreement shock the conscience; and (3) Wife committed fraud and induced Husband to enter into the separation agreement. In regards to the last argument, Husband stated that Wife had committed fraud by filing for divorce less than six months after signing the

---

1. The court derives these facts from the pleadings, and the testimony of both parties at a proceeding that occurred on March 11, 2004.

agreement. The agreement stated that if the "parties have not resolved their problems at the conclusion of the two years, that either of the parties may obtain a divorce without objection by the other party." (Agreement, paragraph 9.)

Testimony was taken and evidence was received during a hearing on March 11, 2004. The court entered an opinion on April 8, 2004, holding that the agreement cannot be voided because Husband failed to consult counsel or carefully read the agreement, the reasonableness of the agreement is not a proper subject for judicial review, and Wife had not committed fraud. The separation agreement was left intact and enforceable by Wife.

On December 13, 2005, Wife filed a petition for contempt, alleging that Husband had refused to comply with the portion of the separation agreement that ordered him to convey all of his title and interest in a parcel of land located in Blacklick Township to Wife. Wife asked the court to both enforce the separation agreement and award her attorney's fees, costs and expenses, as provided for in the agreement.

A hearing was scheduled for May 4, 2006. In lieu of taking testimony, the court conferenced with counsel and it was agreed that the matter would be submitted to the court on briefs and the transcript of the March 11, 2004 proceeding. Counsel also agreed that Wife's petition for contempt should be amended to be a petition for enforcement of marriage settlement agreement.[2] A stipulation of

2. At the conference, counsel for Husband argued that a contempt action could not proceed because there is no court order incorporating the parties' agreement.

counsel was filed on May 5, 2006 so permitting the amendment of the action.

Husband's counsel made the following arguments in support of his position in a brief filed on May 17, 2006:

(1) Collateral estoppel does not prevent the court from addressing Husband's allegation that Wife breached the separation agreement.

(2) Wife breached the separation agreement by filing for divorce less than a year after signing the agreement.

Wife's counsel advanced the following arguments in a brief filed on May 24, 2006:

(1) Res judicata bars Husband from raising the issue of Wife's alleged noncompliance with the separation agreement.

(2) There is insufficient testimony in the record to support Husband's allegation that Wife breached the agreement.

(3) Wife is entitled to attorney's fees, costs and expenses because she has been forced to incur legal expenses as a result of Husband's refusal to comply with the agreement.

## DISCUSSION AND ANALYSIS

The court will first address the arguments of collateral estoppel, also known as issue preclusion, and res judicata, also known as claim preclusion. Collateral estoppel concerns whether or not an issue has previously

been determined and is decided by the following five-pronged test:

"(1) the issue decided in the prior case is identical to the one presented in the later case;

"(2) there was a final judgment on the merits;

"(3) the party against whom the plea is asserted was a party or in privity with a party in the prior case;

"(4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and

"(5) the determination in the prior proceeding was essential to the judgment." *McArdle v. Tronetti,* 426 Pa. Super. 607, 614, 627 A.2d 1219, 1223 (1993) (citing *Melat v. Melat,* 411 Pa. Super. 647, 653-54, 602 A.2d 380, 384 (1992)). Elements two and three are met here without question. The opinion this court issued on April 8, 2004 was a final judgment on the merits and the parties here are identical to the parties in the prior case. However, element one, from which elements four and five derive their meaning, is not met in this case. In order for the doctrine of collateral estoppel to apply, the issue in this and the prior case must be identical. In the action decided on April 8, 2004, Husband sought to have the agreement vacated for the following reasons: (1) Husband did not have a lawyer prior to signing the agreement; (2) Husband did not read or understand the agreement prior to signing; (3) the terms of the agreement shock the conscience; and (4) Wife made promises she never intended to keep. (Opinion of April 8, 2004, p. 2.) At that time, Husband did not argue that the agreement was unenforceable because Wife had breached the agreement.

The court examined Wife's actions relative to the agreement for the purpose of determining Wife's intent in signing the agreement, but Husband never asked for a determination of whether Wife breached the agreement. For this reason the issue raised today, whether or not Wife breached the agreement, has not already been litigated and collateral estoppel does not bar Husband from raising this issue.

In contrast to collateral estoppel, the doctrine of res judicata does not apply only to those issues that have already been actually raised and determined in an earlier proceeding, but also to those issues that might have been raised. *McArdle,* 426 Pa. Super. at 611, 627 A.2d at 1222 (citing *Dyer v. Travelers,* 392 Pa. Super. 202, 572 A.2d 762 (1990)). The purpose of this doctrine is "to conserve limited judicial resources, establish certainty and respect for court judgments, and protect the party relying upon the judgment from vexatious litigation." *Id.* (citing *Mintz v. Carlton House Partners, Ltd.,* 407 Pa. Super. 464, 595 A.2d 1240 (1991)). In order to accomplish this purpose, the doctrine must be liberally construed. *Id.* Res judicata is determined through the following four-pronged test:

(1) identity of issues;

(2) identity of causes of action;

(3) identity of parties or their privies; and

(4) identity of the quality or capacity of the parties suing or being sued. *Id.*

Whether or not res judicata applies in the case before us turns on the presence of a single cause of action, as

elements one, three and four are easily met. In both this action and the prior action, the issue is whether or not the separation agreement is enforceable and Husband and Wife have been the only parties to each action.

The presence of a single cause of action is determined by whether there is a similarity in the "identity of the acts complained of, the demand for recovery, [and] the identity of witnesses, documents and facts alleged." *McArdle,* 426 Pa. Super. at 612, 627 A.2d at 1222 (citing *Davis v. Unites States Steel Supply,* 688 F.2d 166 (1982)). The identity of causes of action does not rely upon the use of an identical legal theory in each action, but rather "the essential similarity of the underlying events giving rise to the various legal claims." *Id.* The identity of the acts complained of in this action and in the action decided on April 8, 2004 are the same. In the action before us, Husband argues that Wife's action in filing for a divorce less than a year after signing the separation agreement constitutes a breach of the agreement. In the action decided on April 8, 2004, Husband argued that Wife's action in filing for a divorce less than a year after signing the agreement evidenced her lack of intent to keep the promises made in the agreement. While the legal argument is different, the acts complained of are identical. Both arguments rely on the same series of events and litigation of both arguments would require the same witnesses and documents. Although Husband did not specifically raise the issue of Wife's alleged breach of the agreement in the April 8, 2004 action, that issue could have been raised at that time. This court has already issued an opinion stating that the separation agreement is enforceable. Husband's current claim that Wife breached

the agreement offers no new facts, but instead seeks to re-litigate facts that this court has already examined.[3] For this reason, res judicata bars Husband's claim of breach.

Even though the court has found that res judicata bars Husband's claim of breach, the court will examine whether Wife's actions immediately subsequent to signing the separation agreement constitute a breach of the agreement. The parties signed the separation agreement in August of 2001. Wife filed a divorce complaint on January 29, 2002, and began dating another man in April of 2002. Husband argues that these actions by Wife were a breach of the agreement. He bases this argument on the following paragraph from the agreement:

"Husband agrees to terminate the consumption of alcohol, to join Alcoholics Anonymous, and to obtain counseling for the problems that have affected the marriage. It is contemplated that this process of counseling and rehabilitation shall take approximately two years. The parties agree that in the event that the parties have not resolved their problems at the conclusion of the two years, that either of the parties may obtain a divorce without objection by the other party." (Agreement, p. 3,

---

3. It is notable that counsel agreed to have this court base its decision on the testimony and evidence given at the prior proceeding. "The true test to determine whether a final determination in a former action is a bar to a subsequent action is whether the evidence to support both is the same." Standard Pennsylvania Practice, §65:86. See also, *Mintz v. Carlton House Partners Ltd.*, 407 Pa. Super. 464, 595 A.2d 1240 (1991), wherein the court stated that if the same evidence is required to support a final determination in a former action and in a subsequent action, res judicata bars the second action.

paragraph 9.) Husband interprets this paragraph to mean that Wife had an obligation to give Husband two years in which to save the marriage. Husband argues that Wife's actions, in beginning to date another man and filing for divorce less than a year after signing the agreement, made it impossible for Husband to save the marriage and constitute a breach of the agreement. In response to this argument, Wife notes that after signing the agreement Husband did not refrain from drinking alcohol and did not attend Alcoholics Anonymous. (Transcript of March 11, 2004 hearing, p. 74.) Wife also testified that when she filed for divorce on January 29, 2002 she was aware that there was a waiting period of two years for a contested divorce and did not intend to obtain an immediate divorce. (Transcript, p. 61.) The court also notes that as of the writing of this opinion, five years after the agreement was signed, the parties have still not obtained a divorce.

In the court's opinion of April 8, 2004, the court made the following finding: "The agreement posed no duty on the Wife to either take any action or do anything else. The agreement never specifically granted the Husband a set number of years to comply. It only contemplated that his abstinence and counseling would take two years." No facts have been presented to the court that would make the court change that ruling. Today the court still holds that the agreement posed no duty on the Wife; therefore, Wife's actions did not breach the agreement.

Finally, the court will address Wife's argument that she is entitled to attorney's fees, costs and expenses because she has been forced to incur legal expenses as a result of Husband's refusal to comply with the separa-

tion agreement. Paragraph 15 of the agreement provides that when a party breaches the agreement, "he or she shall be liable for all legal costs incurred by the wronged party." Wife's petition for contempt of court filed on December 13, 2005, states that Husband refuses to convey to Wife his interest in a parcel of land situated in Blacklick Township. Husband has never denied his refusal to convey his interest in the real estate; instead, he has argued that he is not required to convey his interest because Wife has breached the agreement. As stated above, the court has found that Wife did not breach the agreement and Husband's failure to convey the real estate constitutes a breach. Therefore, this court awards Wife legal fees and costs in the amount of $1,909.50 for the expenses she has incurred in litigating this action.

Wherefore, the court makes the following order:

## ORDER

And now, August 15, 2006, this matter having come before the court on Wife's petition for enforcement of a marriage settlement agreement, it is hereby ordered and directed as follows:

(1) Husband is directed to execute and deliver the deed conveying the real estate that is the subject of the agreement between the parties;

(2) Husband is directed to pay Wife's legal fees and costs in the amount of $1,909.50 to Myron H. Tomb, Esquire, within 30 days from the date of this order.