J-A20012-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRIAN W. JONES, ASSIGNEE OF ARP ASSOCIATES LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHN SKARO AND KAREN A. SKARO, DOROTHY DONAUER AND PNC BANK, N.A., | |
| Appellees | No. 1717 WDA 2017 |

Appeal from the Order Entered November 8, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-09-007166

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 13, 2018**

Appellant, Brian W. Jones, assignee of ARP Associates LLC ("ARP"), appeals *pro se* from the November 8, 2017 order, which granted PNC Bank, N.A.'s ("PNC") motion for dissolution of garnishment pursuant to Pa.R.C.P. 3143, and dissolved the judgment in favor of Appellant and against PNC, as to any and all property owned by Appellees, John Skaro and Karen A. Skaro (collectively "the Skaros").  After careful review, we affirm.

We glean the following relevant facts and procedural history from the record.  On April 14, 2009, ARP obtained a confessed judgment against the Skaros, in the amount of $50,362.76, in the Court of Common Pleas of Allegheny County.  On October 22, 2013, ARP assigned its judgment lien to Appellant.  On October 24, 2013, Appellant filed a praecipe for writ of

execution on the confessed judgment, in the amount of $64,047.63, plus attorneys' fees, and named PNC as the garnishee.

Appellant subsequently served PNC with interrogatories. In its answers to interrogatories, PNC admitted to being in possession of two bank accounts and a safe deposit box, each held jointly in the names of Karen Skaro and Dorothy Donauer.[1] PNC further provided that, after taking into account Karen Skaro's allowed $300.00 cash exemption,[2] PNC's $100.00 service charge, and the $10,000.00 which PNC is required to protect under Pa.R.C.P. 3111.1,[3] the balance subject to attachment was $62,208.35. Accordingly, Appellant filed a praecipe for entry of judgment by admission, seeking judgment against PNC, as the garnishee, in the amount of $62,208.35.

After judgment was entered against PNC on December 9, 2013, but prior to PNC's remittance of payment to Appellant, the Skaros filed for protection under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy

---

[1] Dorothy Donauer has been identified as the mother of Karen Skaro and was named as a non-judgment defendant in the underlying action.

[2] "In addition to any other property specifically exempted by this subchapter, property of the judgment debtor (including bank notes, money, securities, real property, judgments or other indebtedness due the judgment debtor) to the value of $300 shall be exempt from attachment or execution on a judgment." 42 Pa.C.S. § 8123(a).

[3] PNC's answer to interrogatories revealed recurring deposits of protected federal Social Security benefits in one of the accounts held in the name of Karen Skaro and Ms. Donauer. PNC is required to protect up to $10,000.00 of an account if the account shows any recurring electronic deposits of Social Security. *See* Pa.R.C.P. 3111.1(1); 31 CFR §§ 212.1 *et seq*.

Court for the Western District of Pennsylvania at Case No. 13-25225-TPA. During the Skaros' bankruptcy, Appellant received payments on his secured claim, totaling $53,302.90, and he then sought relief from the automatic stay to collect the remainder of his judgment.[4]  After a hearing on Appellant's motion for relief, the bankruptcy court entered an order which declared, "[f]or the reasons stated on the record … and based on various representations and submissions to the [c]ourt by the [Skaros] and [Skaros' c]ounsel, *Karen Skaro has no interest in the PNC Account and was merely named on the account for convenience purposes*."  Bankruptcy Court Order, 5/12/16, at 1-2 (emphasis added).  Additionally, the order granted Appellant relief from the automatic stay for the limited purpose of pursuing the garnishment against PNC for the unpaid portion of his judgment.  ***See id.***

On July 11, 2016, the trial court granted a petition to intervene in the garnishment action filed by Ms. Donauer.  Ms. Donauer filed objections to the garnishment, as well as a motion for injunctive relief, in which she asserted that the funds in the PNC account belonged solely to her and consisted of Social Security payments and death benefit payments for her late husband. The trial court granted Ms. Donauer's request for relief and ordered PNC not to release any funds in the accounts subject to Appellant's garnishment until further order.  The court then scheduled a hearing regarding the exemption

---

[4] Appellant claimed that after taking into account all of the payments he received through the bankruptcy estate, a balance of $21,623.65, plus costs and interest, was still owed to him on the PNC judgment.

of funds for July 28, 2016. Following the exemption hearing, the trial court entered an order holding: (1) that the PNC account ending in 5628 is exempt from attachment; and (2) as to the PNC account ending in 3251, that any funds in excess of $25,000.00 shall be released from attachment, and an additional hearing shall be scheduled on Ms. Donauer's request for exemption. **See** Trial Court Order, 7/28/16, at 1 ("July 28, 2016 Order").

On October 24, 2016, PNC filed a petition to open the judgment on admissions previously obtained against it by Appellant. A hearing was held on February 8, 2017, at which time the court issued an order that: (1) sustained Ms. Donauer's objection to garnishment "since the Bankruptcy Court has already concluded that the account at issue was a convenience account only, and was for the sole benefit of Ms. Donauer";[5] (2) granted PNC's petition to open the judgment entered against it based on its original answers to interrogatories; and (3) granted PNC an opportunity to amend its answers to interrogatories to reflect the ruling of the Bankruptcy Court. **Id.**

On February 10, 2017, Appellant filed a notice of appeal. The appeal was quashed by a per curiam order of this Court, as it stemmed from a decision to open a judgment, which is interlocutory and not appealable as of

---

[5] The court further explained: "This is the same question involving the same parties as here, and the doctrine of *res judicata* bars re-litigation of that factual issue." Trial Court Order, 2/8/17, at 1-2 ("February 8, 2017 Order").

right.[6]  Per Curiam Order, 5/17/17, at 1.  PNC then filed amended answers to the interrogatories, as permitted by the February 8, 2017 Order, to reflect that it was unable to determine Karen Skaro's interest in the PNC accounts in light of Ms. Donauer's petition to intervene.  Subsequently, Appellant filed a praecipe to place the case at issue, followed by a motion for judgment on the pleadings.  Both of these pleadings were stricken by order of court dated July 25, 2017, "without prejudice to [Appellant's] right to file a praecipe to enter final [j]udgment in favor of PNC [] and [Ms.] Donauer and against [Appellant] based on [the February 8, 2017 Order]."  Trial Court Order, 7/25/17, at 2.

On August 3, 2017, Appellant filed a praecipe to reduce the February 8, 2017 Order to a judgment. [7]  Accordingly, the Allegheny Department of Court

_____

[6] **See Joseph Palermo Development Corp. v. Bowers**, 564 A.2d 996 (Pa. Super. 1989) (holding that no appeal as of right may be taken from order opening confessed judgment and noting that "only an order *refusing* to open, vacate or strike off a judgment is immediately appealable") (citing Pa.R.A.P. 311(a)(1)) (emphasis in original).

[7] In accordance with Pennsylvania Rule of Civil Procedure 227.4,

[t]he prothonotary shall, upon praecipe of party:

(1)    enter judgment upon a nonsuit by the court, verdict of a jury or the decision of a judge following a trial without jury, if

(a)    no timely post-trial motion is filed; or

(b)    One or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion.  A judgment entered pursuant to this subparagraph shall be

- 5 -

Records entered on the docket that same day, a judgment in favor of Ms. Donauer and PNC and against Appellant. The trial court explained that, at this time, the judgment became final and appealable, yet no appeal was filed within the thirty-day requisite period. **See** Trial Court Opinion ("TCO"), 1/3/18, at 3-4; **see also** Pa.R.A.P. 903(a) (stating that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken).[8]

On October 11, 2017, PNC filed a motion for dissolution of garnishment pursuant to Pa.R.C.P. 3143. The parties appeared at a hearing on November 8, 2017, at which time the trial court noted Appellant's failure to file a timely appeal after the February 8, 2017 Order was reduced to a final judgment.[9]

---

final as to all parties and all issues and shall not be subject to reconsideration….

Pa.R.C.P. 227.4(1).

[8] We agree with the trial court that the February 8, 2017 Order became final and appealable as of August 3, 2017, the date on which it was reduced to judgment and entered on the docket. **See Conte v. Hahnemann University Hosp.**, 707 A.2d 230, 231 (Pa. Super. 1998) (noting when a party opts to praecipe for the entry of judgment after the requisite 120 day period runs, the judgment becomes final and immediately appealable when it is entered on the docket). Accordingly, Appellant was required to appeal the February 8, 2017 Order within 30 days of August 3, 2017.

[9] The court addressed Appellant:

Judgment was entered properly …[.] You gave – you finally gave yourself the opportunity to appeal when you entered judgment…. [T]o me[,] it was obvious that it was all over … when [the court] entered [its February 8, 2017] Order. But procedurally[,]

The court concluded that "since there's been a final order that has not been appealed, there's no need for [PNC] to hold the proceeds, so the garnishment is dissolved. There's no reason why the oral motion of [Ms. Donauer's counsel] should not be granted and the money returned to Ms. Donauer." *Id.* at 29. Accordingly, the court entered the following order:

> [T]he judgment, writ of execution, and attachment in favor of [Appellant] and against [PNC] … shall be dissolved as to any and all property owned by John Skaro and Karen A. Skaro upon PNC [] paying $25,000 of the funds held at PNC [] in the account owned by Karen Skaro and Dorothy Donauer ending in No. 3251 into the Department of Court Records, Civil Division, of Allegheny County, Pennsylvania ("DCR") …[.] [The court] further instructs the DCR to mark the judgment against PNC [] as satisfied and the attachment as dissolved on the docket … upon receipt of those funds. It is further ordered that the DCR release that sum to … [Ms.] Donauer, per its usual procedures.

Trial Court Order, 11/8/17, at 1 ("November 8, 2017 Order").

On November 13, 2017, Appellant filed a timely notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents the following questions for our review:

> A. Was the [trial court] correct when it stated on the record during the November 8, 2017 hearing that reducing the February 8,

---

technically, it wasn't yet appealable. It became appealable when you entered judgment on it in August. Your appeal should have been filed within thirty days of that. As I recall, you tried to place the case at issue or something. You did some strange things after entering – procedurally strange things … but you didn't file the appeal….

N.T. Hearing, 11/8/17, at 19-20.

2017 [o]rder of [c]ourt to a judgment under Pa.R.A.P. 301(d), made it a final order and immediately appealable as of right?

B. Did [Appellant] show that the [trial court] should not have allowed procedurally, and did not have the power to allow [Ms.] Donauer to untimely intervene and object to the garnishment action because the garnishment action was no longer pending, the petition was not verified, no pleading seeking relief from the judgment was attached, [and] no explanation for the undue delay was given?

C. Did [Appellant] show that the [trial court] did not have jurisdiction to hear [Ms.] Donauer's claim for exemption or immunity of property from execution because the original writ of execution was directed to[] and served by[] the Sheriff of Westmoreland County[,] pursuant to Pa.R.C.P. [] 3122, and venue was only proper in Westmoreland County?

D. Did [Appellant] show that [Ms.] Donauer's petition to intervene and objection to the garnishment, along with the prior orders of [c]ourt which granted leave to intervene and scheduled [s]heriff's exemption hearings, should have been stricken, and his preliminary objections to [Ms.] Donauer's objection to the garnishment action should have been sustained?

E. Did [Appellant] show sufficient grounds for the denial of PNC's petition to open the judgment based on its untimeliness, *res judicata* effect of the judgment entered on December 9, 2013, lack of any reasonable excuse for the delay, or demonstration of "extraordinary circumstances" required by law?

F. Did [Appellant] show that findings in a bankruptcy court ruling were binding on state court insofar as to allow [him] to proceed with execution on his judgment against PNC and in no way permitted [Ms.] Donauer to relitigate the garnishment action?

G. Did [Appellant] show that [Ms.] Donauer was not entitled to the automatic stay protections or filing extensions under 11 U.S.C. § 108(c)?

H. Was the [trial court] within its discretion and did it have subject matter jurisdiction when, on November 17 [*sic*], 2017, it granted the relief requested in PNC's Motion for Dissolution of Garnishment Pursuant to Pa.R.C.P. [] 3143?

I. Was the [trial court] bound by the clearly erroneous [o]rders of [c]ourt granting the petition to intervene and allowance of untimely objections and claims for exemption according to the law of the case doctrine?

Appellant's Brief at 10-13.

Before we address the merits of Appellant's claims, we must first determine whether this appeal is properly before us, because "the question of appealability implicates the jurisdiction of our court." *Jacksonian v. Temple University Health System Foundation*, 862 A.2d 1275, 1279 (Pa. Super. 2004) (quoting *In re Estate of Israel*, 645 A.2d 1333, 1336 (Pa. Super. 1994)). "An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.[] § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." *Bloome v. Alan*, 154 A.3d 1271, 1273 (Pa. Super. 2017).

Pennsylvania Rule of Appellate Procedure 311 provides for interlocutory appeals as of right and states:

> (a) **General rule.**—An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:
>
> …
>
> (2) Attachments, etc. – An order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property, except for orders pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a).

Pa.R.A.P. 311(a)(2). In interpreting Rule 311(a), this Court has explained:

"Orders involving attachments, receiverships, custodianships or other similar matters affecting the possession or control of property, are among the classes of interlocutory orders which are appealable as of right." ***Jerry Davis, Inc. v. Nufab Corp.***, 677 A.2d 1256, 1259 (Pa. Super. 1996) (citing Pa.R.A.P. 311(a)(2)).

Instantly, the trial court's November 8, 2017 Order, which is the subject of this appeal, expressly granted the dissolution of "the judgment, writ of execution, and attachment in favor of [Appellant] and against the Garnishee, [PNC] … as to any and all property owned by John Skaro and Karen A. Skaro…." Thus, the November 8, 2017 Order clearly constitutes an order involving an attachment. As such, although the November 8, 2017 Order is interlocutory, it is immediately appealable as of right under Rule 311(a)(2). ***See Hagel v. United Lawn Mower Sales & Services, Inc.***, 653 A.2d 17 (Pa. Super. 1995) (allowing an appeal as of right from an order which dissolved an attachment on a bank account).

Next, Appellant asserts that this appeal arises from the November 8, 2017 Order, as well as the July 11, 2016, October 21, 2016, and February 8, 2017 orders.[10] Appellant's Brief at 6-9. However, Appellant has not appealed

---

[10] We note that the July 11, 2016 order, which granted Ms. Donauer's petition to intervene, and the October 21, 2016 order, which denied Appellant's motion to strike the petition to intervene and his objections to the garnishment, became final and appealable on August 3, 2017, when final judgment was entered on the docket.

from these additional orders; instead, his notice of appeal states that he is appealing solely from the November 8, 2017 Order. This Court does not have jurisdiction to review the propriety of an order from which Appellant has not appealed. *See In re K.P.*, 872 A.2d 1227, 1230 (Pa. Super. 2005) (concluding we did not have jurisdiction to entertain the appellant's arguments regarding the goal change hearing where the appellant did not file a notice of appeal from the goal change order but, instead, appealed from the order terminating her parental rights). Accordingly, we lack jurisdiction to review Appellant's claims regarding the opening of PNC's judgment and/or Ms. Donauer's intervening in the garnishment action.

As to the merits of Appellant's remaining claims regarding the November 8, 2017 order, we preliminarily observe:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.*; *Commonwealth v. Lyons*, 833 A.2d 245 (Pa. Super. 2003). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. *Id.* at 252. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. *Commonwealth v. Rivera*, … 685 A.2d 1011 ([Pa. Super.] 1996).

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (quoting

*Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa. Super. 2005)).

Moreover, Rule 2119 provides that, "[t]he argument shall be divided into as

- 11 -

many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

Instantly, we observe that Appellant's brief does not conform to Rule 2119 insofar as he failed to properly divide his argument into sections that correspond with the issues listed in his statement of questions involved.[11] Appellant's arguments also appear to overlap the numerous subsections, and the relevant arguments pertaining to the remaining issues before us on appeal are buried within his nearly 50-paged Argument section, impeding our ability to conduct meaningful appellate review. Despite the numerous defects contained within Appellant's brief, however, we attempt to identify the gist of the issues arising from the November 8, 2017 Order. Thus, we now turn to address the merits of Appellant's remaining claims.

Appellant asserts that the trial court erred in dissolving the judgment, writ of execution, and attachment against PNC, and by directing the court to mark the judgment as satisfied after receipt of the funds from PNC, which were then to be disbursed to Ms. Donauer. Appellant bases his argument on the faulty conclusion that the provisions for dissolution set forth in Pa.R.C.P.

_____

[11] Specifically, Appellant lists nine issues in his "Statement of Questions Involved," labeled A through I. The "Argument" section of his brief, however, only contains six subsections labeled A through F, and the headings of the lettered subsections do not correspond with their appropriate counterparts.

3143 are not applicable in the present matter.  After careful review, we deem

Appellant's claim to be wholly without merit.

Pursuant to Rule 3143, in relevant part:

(b)(1) An attachment is dissolved when any person or party

(a) files with the prothonotary a bond, with security approved by the prothonotary, in the amount of plaintiff's judgment, including probable interest and costs, or in such lesser amount as the court may direct, naming the Commonwealth of Pennsylvania as oblige, conditioned to pay the plaintiff the amount finally determined to be due by the garnishee or the value of the property whichever is less, or

(b) deposits with the prothonotary, or with the sheriff for the prothonotary, to be held by the prothonotary or the sheriff upon the same condition as the bond, security in the form of legal tender of the United States in an amount equal to the plaintiff's judgment, including probably interest and costs, or in such lesser amount as the court may direct.

Pa.R.C.P. 3143(b)(1).

It is clear that PNC complied with the requirements set forth in Rule

3143 to dissolve the attachment.  As per the July 28, 2016 Order, the trial

court set a limit of $25,000.00 to potentially be paid by PNC.  PNC paid this

sum to the Department of Court Records, as directed by the November 8,

2017 Order, which satisfied its obligations under Pa.R.C.P. 3143(b)(1).

Moreover, we agree with the trial court that it had no reason to prevent PNC

from dissolving the attachment, as Appellant no longer had a judgment

against PNC, nor did he file a timely notice of appeal regarding the opening of

the judgment.  Thus, we discern no abuse of discretion or error of law by the

trial court in its action of dissolving the attachment and satisfying the judgment against PNC.

As the trial court opined, its November 8, 2017 Order and decision to dissolve the attachment "flow[ed] from [its] conclusion that [Ms.] Donauer is the true owner of the account," and "dissolving the garnishment [was] the natural consequence of that decision." TCO at 3-4. The court further explained:

> The basis for our decision that [Ms.] Donauer was the true owner of the funds in the account was based on a decision to the same effect made in federal Bankruptcy Court. We correctly applied the principles of *res judicata* and concluded that [Appellant], who had been involved as a creditor during the Skaro bankruptcy, had a full and fair opportunity to argue that the funds belonged to [Ms.] Skaro, and simply lost his case there. He may not re-litigate the same issue here in state court in an effort to get a different result.

*Id.* at 3. To the extent that Appellant continues to attempt to re-hash on appeal the issue regarding the ownership of the funds in the PNC account, we agree with the trial court that the doctrine of *res judicata* applies here.

The doctrine of *res judicata* "reflects the refusal of the law to tolerate a multiplicity of litigation." ***Day v. Volkswagenwerk Aktiengesellschaft***, 464 A.2d 1313, 1316 (Pa. Super. 1983). "It holds that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." ***Id.*** (internal citation and quotation marks omitted). To support a claim *of res judicata*, the

party asserting this defense must show the concurrence of four conditions: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. ***Thompson v. Karastan Rug Mills***, 323 A.2d 341, 344 (Pa. Super. 1974). Moreover, "[i]t is … well-settled that state courts are required to give full faith and credit to proceedings of federal courts." ***Atiyeh v. Bear***, 690 A.2d 1245, 1249 (Pa. Super. 1997) (citing ***Mintz v. Carlton House Partners, Ltd.***, 595 A.2d 1240, 1246 (Pa. Super. 1991) (stating the doctrine of *res judicata* precluded the plaintiff from re-litigating claims in state court after bankruptcy court heard argument and found claims invalid)).

Herein, the bankruptcy court made a final determination in response to Appellant's motion for relief from the automatic stay for the purpose of pursuing his claim against PNC, as garnishee, that "Karen Skaro has no interest in the PNC Account and was merely named on the account for convenience purposes." Bankruptcy Court Order, 5/12/16, at 1. Appellant's insistence that he is entitled to an attachment to the funds held in the PNC account in the present matter clearly involves the same issues, cause of action, and parties that were previously litigated and decided by the bankruptcy court. Thus, the doctrine of *res judicata* precludes further litigation of these claims in state court. We conclude that the trial court properly based its decision on the bankruptcy court's determination that Ms. Donauer was the true owner of the accounts subjected to garnishment.

Accordingly, for the reasons stated herein, we affirm the November 8, 2017 Order, which granted PNC's motion for dissolution of garnishment.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/13/2018